IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tobby L. Campbell | ) Civil Action No.: 0:14-4217-BHH |
| | ) |
| Petitioner, | ) |
| | ) **ORDER AND OPINION** |
| vs. | ) |
| | ) |
| L. R. Thomas, *Warden*, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

The petitioner, a federal prisoner proceeding *pro se*, filed this action seeking habeas relief pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for a Report and Recommendation. On December 22, 2014, the respondent filed a motion to dismiss, or in the alternative, for summary judgment. (ECF No. 15.) Since the petitioner is *pro se* in this matter, the Court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) on December 22, 2014, advising the petitioner of the importance of a dispositive motion and of the need for him to file an adequate response to the respondent's motion. (ECF No. 16.) In that order, the petitioner was advised of the possible consequence of dismissal if he failed to respond adequately. The petitioner was granted an extension of time to file a response to the motion (ECF No. 20), but failed to file a response. Thus, Magistrate Judge Gossett recommended that this action be dismissed for lack of prosecution. (ECF No. 24.)

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of any

portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted). The Magistrate Judge advised the petitioner of his right to file specific objections to the Report. (ECF 24 at 3.) The petitioner has filed no objections and the time for doing so expired on March 6, 2015.

After a thorough review of the record of this matter, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error. Accordingly, the Court adopts and incorporates the Report and Recommendation (ECF No. 24) by reference into this order.

It is therefore ORDERED that this action be dismissed *with prejudice* for lack of prosecution pursuant to Fed.R.Civ.P. 41(b).

IT IS SO ORDERED.

/s/ Bruce Howe Hendricks
United States District Judge

Greenville South Carolina
April 8, 2015

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.